IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYWARD L. SIMPKINS,<br>ELLIS P. SIMPKINS,<br>FOR THEMSELVES AND ON BEHALF<br>OF OTHERS SIMILARLY SITUATED<br>vs.<br>CENLAR, FSB<br>and<br>JOHN DOES ONE THROUGH FIFTY | CIVIL ACTION<br><br><br><br>CLASS ACTION<br><br><br>NO. 02-CV-4770 |
| SHARON STEWART and<br>JEREMIAH BONEY and<br>ALL OTHERS SIMILARLY SITUATED<br><br>v.<br><br>CENLAR, FSB | CIVIL ACTION<br><br><br><br>CLASS ACTION<br><br>NO. 03-CV-2258 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' COUNSEL'S
UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES AND
REIMBURSEMENT OF LITIGATION COSTS AND EXPENSES AND
FOR THE AWARD OF CLASS REPRESENTATIVE FEES**

I.  **INTRODUCTION**

By Order dated June 23, 2003, and entered on June 24, 2003, the Court conditionally certified the proposed class and preliminarily approved a settlement with defendant, Cenlar, FSB (hereinafter referred to as "Cenlar"). The settlement provides, *inter alia*, for injunctive relief, and other relief to members of the Class that will either credit the accounts of or make restitution to members of the Class, as applicable, or otherwise provide a payment of $75.00 to those members of the Class who are no longer in bankruptcy or foreclosure and who have not paid any attorney's fees to Cenlar. All

payments to be made shall be made by Cenlar to the entitled members of the Class. In effect, the settlement provides for a 100% recovery to members of the Class. There is no "cap" on the monetary relief available to the members of the Class.

Upon final approval of the settlement by the Court, Cenlar shall make payment from its own funds for the Class representatives' fees, and attorney's fees, costs and expenses of Class Counsel. Therefore, payment of attorney's fees and costs does not in any manner impair, affect or reduce any restitution to the members of the Class.

Class Counsel now submits this Motion for an award of attorney's fees and reimbursement of plaintiffs' counsel's litigation costs and expenses. Class Counsel respectfully requests the Court to award attorney's fees and costs in the amount of $82,500.00 to be paid directly by Cenlar to Class Counsel.

Furthermore, Class Counsel submits this Motion for an award of fees to the Class representatives in the amount of $1,000 to Hayward Simpkins and Ellis Simpkins, and $500 each to Jeremiah Boney and Sharon Stewart.

This Motion is unopposed as Cenlar has agreed to pay the amounts sought by Class Counsel for the latter's attorney's fees and costs, and the Class Representatives' fees from its own funds. Payment for these fees and costs does **NOT** come from a common fund nor will payment in any manner reduce any entitlement to the members of the Class.

## II. **BACKGROUND OF THE LITIGATION**

Defendant, Cenlar, FSB ("Cenlar"), is a mortgagee/mortgage servicer (as defined by 12 U.S.C. §2605). Plaintiffs, Hayward L. Simpkins and Ellis P. Simpkins (the "Simpkins") and Jeremiah Boney ("Boney") and Sharon Stewart ("Stewart"), for

themselves and as Class Representatives, filed the respective actions against Cenlar. For purposes of this settlement, the actions have been consolidated.

The Simpkins' litigation arises from Cenlar's purported collection or attempt to collect more than the five percent attorney's commission for mortgage foreclosures as provided in certain mortgage forms. The Boney/Stewart litigation arises from Cenlar's purported imposition of and collection or attempt to collect attorneys' fees and costs for attorneys' actions in representing Cenlar in connection with mortgagors' bankruptcy proceedings when the mortgage forms made no provision therefor.

Plaintiffs, Simpkins, are the owners of a residence the mortgage of which is being serviced by Cenlar. The mortgage document provides, *inter alia*, that, in the event of foreclosure, Cenlar is entitled to recover an attorney's commission for attorney's fees incurred of not more than five (5%) percent of the principal balance of the mortgage. The complaint asserts that Cenlar charged Simpkins' account in excess of the five (5%) percent permitted by the mortgage.

Plaintiffs, Boney and Stewart, are each the owners of a residence the mortgages of which are serviced by Cenlar. The mortgage documents contain no provision for he mortgagors' reimbursement to Cenlar of bankruptcy-related attorney's fees incurred. The complaint assets that Cenlar charged Boney's and Stewart's accounts for bankruptcy-related attorney's fees not permitted by the mortgage.

Plaintiffs assert that Cenlar has uniformly imposed these unauthorized charges upon residential mortgagors who were, have been, or are in foreclosure and/or bankruptcy. Plaintiff has asserted claims for violation of 15 U.S.C. § 1692a, *et seq.*,

Furthermore, there is no diminution of any reimbursement or restitution or other payment to any Class member by reason of the payment of the attorney's fees and costs, or for the payment of fees awarded to the Class representatives.

As discussed by the Honorable Norma L. Shapiro in *Fickinger v. C.I. Planning Corp.*, 646 F. Supp 622, 632-633 (E.D. Pa. 1986), the Court becomes concerned about payment of Class counsel's fees when they are derived from a common fund when the "[class action] attorney's role changes from one of a fiduciary for the clients to that of a claimant against the fund created for the clients' benefit." Thus, as suggested by Judge Shapiro, there is no "heightened scrutiny" required in this case as there is no conflict involving the Class and counsel for the Class, when, in fact, payment to the Class Counsel and the Class representatives do not come from a common fund, but from Defendant's own funds, distinct and separate from the funds to be paid to Class members.

In any event, Class counsel is nonetheless entitled to the fees requested as the result of the assessment of the legal standards applicable to attorneys' fee awards and the precedent that demonstrates that the award sought by Class counsel is most appropriate, as it reflects 1) the actual hourly input by counsel, as a lodestar, and a practical increment thereto reflecting additional labor anticipated in the future, correlated with the critical fact that the Class counsel's award will NOT be paid out of any class fund, but directly by Cenlar.

Furthermore, of great importance is that the labor by Class counsel has resulted in an incredible benefit to the members: every participating Class member will be provided a 100% recovery, from crediting of an account to restitution, *inter alia*. *See* Footnote 1, *supra*.

Attorneys who represent a class, and achieve a benefit for the class members, are entitled to be compensated for their services. *E.g. In Re First Jersey Sec.. Inc. Sec. Litig.* 1989 U.S. Dist. LEXIS 7050 (E.D. Pa., June 23, 1989) at 5.

As explained by the Third Circuit in *Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corporation*, 487 F.2d 161, 165 (3d. Cir. 1973) (*Lindy*)

> The award of fees under the equitable fund doctrine is analogous to an action in quantum meruit: the individual seeking compensation has, by his actions, benefited another and seeks payment for the value of the service performed.

*Accord Lindy Bros. Building, Inc. v. American Radiator & Standard Sanitary Corporation*, 540 F.2d 102 (3.d Cir. 1976) (*Lindy II*); *First Jersey*, 1989 Dis LEXIS at *5.

Although this is not a common fund case, the standards applicable to award attorney's fees and costs is similar to the "Lodestar Approach" which multiplies the number of hours the attorneys expend by the attorneys' normal hourly rates to create a "lodestar" figure which may be adjusted upwards or downwards by the Court to account for the contingent nature of the case, the quality of the work performed, delay in payment and other factors.

**The Lodestar Approach**

In *Lindy* I and *Lindy II* the Third Circuit set forth the elements for determining an award of attorney's fees under the lodestar approach.

Pursuant to *Lindy I,* the hours expended by each attorney and the manner in which they were expended should be determined. The number of hours should then be multiplied by the normal hourly rate of the attorney, assuming it is reasonable in light of the reputation and status, as "a logical beginning" in valuing his services. *In Lindy* I 487

F.2d. at 167. The resulting "lodestar" may then be increased or decreased by the Court after considering (1) "the contingent nature of success" and (2) "the quality of an attorney's work." *Id.* At 168.

In *Lindy II,* the Court discussed factors to assess the "contingent nature of success."

1. Analysis of plaintiff's burden (including): (a) the complexity of the case—legally and factually; (b) the probability of defendant's liability; and (c) the difficulty and or ease in proof of damages.

2. Risks assured in developing the case (including): (a) the number of contingent hours expended by the attorneys; (b) the amount of out-of-pocket expenses advanced; and (c) counsel's demonstrated expertise and skill.

3. The delay in receipt of payment for services rendered.

The Court, in *Lindy II*, 540 F.2d at 118, also enunciated the standards for assessing the "quality factor".

1. "The result obtained" compared to the potential damages available and also evaluated in terms of the 'benefit…conferred on the class; and

2. 'An evaluation of the professional methods utilized in processing the case, -- rewarding the use of efficient methods to expedite the case and penalizing the use of methods… which… delay or obstruct the proceedings.

When time and labor are a starting point of a fee award, other factors should also be considered. As the Second Circuit Court of Appeals stated in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 470(2.d Cir. 1974):

No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agree to pay for his services, regardless of success. Nor particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

The Court continued (*id.* At 471):

> We are not under the illusion that a 'just and adequate' fee and necessarily be ascertained by merely multiplying attorney's hours typically hourly fees.
>
> Whether the Court uses the lodestar approach to determine the appropriate fee, or as a "check" to insure that the percentage award is reasonable, the fee request in this case should be approved.

The affidavits attached as Exhibit "A" show that plaintiffs counsel expended 199.7[3] hours through October 19, 2003[4], in the prosecution of these cases without which the Class representatives would have been-ill-served (and they were well-served) and the Class would have ill-served (and was well-served). The lodestar at the normal and reasonable rates of plaintiffs' counsel for class actions is $64,299.60.

Plaintiffs' counsel believes that the settlement with Cenlar could not have been more beneficial for the members of the Class for it equates to a 100% settlement; that is,

---

[3] Including Stuart A. Eisenberg at 144.40 hours, Carol B. McCullough at 20.2 hours and Legal Assistant Kara Laubach at 30.8 hours.

any Class member who is still in foreclosure whose account has been charged for foreclosure attorney's fees in an amount in excess of that provided by the mortgage document shall be credited for the excess amount. Any Class member who is still in bankruptcy and whose account has been charged for bankruptcy-related attorney's fees when the mortgage document does not specifically provide shall be credited with those fees. Any Class member who has paid any of these charges to Cenlar will be reimbursed dollar for dollar. Finally, any member of the Class who is no longer in foreclosure and/or in bankruptcy whose account has been so charged, but has paid no money to Cenlar, shall be paid $75.00, regardless.

The schedule attached as Exhibit "A" summarizes the total lodestar figures for each of plaintiff's counsel. The hourly rates of these attorneys are the prevailing rates in the communities in which they practice.

Plaintiffs' counsel respectfully submit that consideration of all factors relevant to a fee determination under the lodestar method – the amount and time devote to the case; the entirely contingent nature of the case; the result achieved; the quality of plaintiffs' counsel's work; the complexity of the case; the risks assumed; and the delay in receipt of payment for their services, and the fact that the fee requested will not derive from any funds to which Plaintiffs are entitled, nor will they result in any diminution of any entitlement to the members of the Class – supports an award for the requested attorney's fees.

---

[4] Including prospective time.

**The Court Should Award Plaintiffs' Counsel's Litigation Costs and Expenses**

Plaintiffs' counsel seeks reimbursement of out-of-pocket costs and expenses expended though October 15, 2003. See Exhibit "A". These costs and expenses were reasonably and necessarily incurred in connection with the prosecution of this litigation.

**The Court Should Award Class Representatives' Fee Requests**

For the reasons set forth above, correlated with the facts that the Class representatives made themselves available to discuss the cases, their involvement, and to place themselves into a position of readiness to be deposed, attend trial and, throughout, keep themselves apprised of the facets of the ongoing case, and ultimately to agree to represent the entitles the interests of the members of the Class, regardless of the involvement of time, each is entitled to the award as agreed to be paid by Cenlar, to wit:

> Hayward and Ellis Simpkins  - $1,000.00
>
> Sharon Stewart             - $  500.00
>
> Jeremiah Boney             - $  500.00

As stated in *Lachance v. Harrington*, 965 F. Supp. 630, 652 (E.D. Pa. 1997):

> "The named representatives in this case did put forth some effort in pursuit of the class. .... ([The] named plaintiffs ... retained experienced counsel, were willing to vigorously prosecute the case, and were willing to attend court sessions and respond to discovery requests by defendants.) Although the bulk of time in this case was spent by the lawyers, rather than the class representatives, and the actual effort put forth by these parties was not particularly significant, there is sufficient precedent in this district to support such an award."

## CONCLUSION[5]

For all of the reasons herein, Class Counsel respectfully request that the Court award Plaintiffs' counsel $82,500.00 as attorneys' fees and reimbursement of costs expended.

Furthermore, Class Counsel respectfully request that the Court award the Class representatives awards as set forth above.

Respectfully submitted:

Carol B. McCullough
Stuart A. Eisenberg
McCullough & Eisenberg
530 West Street Road
Suite 201
Warminster, PA 18974
1-215-957-6411

Attorney for Plaintiffs

---

[5] As adequacy of counsel and the experience of counsel have not been challenged, *curricula vitae* have not been attached to this Motion. Furthermore, the list of class action cases in which Class Counsel have been involved and are involved is similar not attached, but is available if so requested by the Court.