```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| HAYWARD L. SIMPKINS, | : | CIVIL ACTION |
| ELLIS P. SIMPKINS, | : | |
| FOR THEMSELVES AND ON BEHALF | : | |
| OF OTHERS SIMILARLY SITUATED | : | |
| vs. | : | CLASS ACTION |
| CENLAR, FSB | : | |
| and | : | |
| JOHN DOES ONE THROUGH FIFTY | : | NO. 02-CV-4770 |

| | | |
|---|---|---|
| SHARON STEWART and | : | CIVIL ACTION |
| JEREMIAH BONEY and | : | |
| ALL OTHERS SIMILARLY SITUATED | : | |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| CENLAR, FSB | : | NO. 03-CV-2258 |

ORDER

Whereas this case was brought as a national class action but was never certified; whereas the named plaintiffs and the defendant entered into a settlement agreement conditioned on the certification of a "Pennsylvania" class; whereas the Court held a hearing on the fairness of the settlement on October 24, 2003; whereas counsel for the plaintiffs and counsel for the defendant represented to the Court that discovery hd disclosed that the mortgage contracts that are the subject of the lawsuit were not used in connection with properties located outside of Pennsylvania; whereas the parties represented at the hearing that the pendency of this case as a national class action had not been publicized in any way; whereas the Court has approved the

settlement of the case insofar as it involves property secured by Pennsylvania residences, it is this 29th day of October ORDERED that the case is dismissed pursuant to Fed. R. Civ. Pro. 23(e) insofar as it alleged a class beyond the class certified for settlement purposes.  This case may now be closed.

                                BY THE COURT:


                                _____
                                MARY A. MCLAUGHLIN